# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>                    Plaintiff,<br><br>v.<br><br>LOUAI SHOSHANI, et al.,<br><br>                    Defendants. | Case No.: 3:18-CV-1332-CAB-JLB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ENTERING JUDGMENT IN FAVOR OF PLAINTIFF**<br>[Doc. No. 10] |

This matter is before the Court on Plaintiff's motion for default judgment against Defendants Louai Shoshani and Discount Budz (collectively "Defendants"). [Doc. No. 10.] Upon consideration of the pleadings, the motion, and Defendants' lack of appearance in this case or opposition to the motion, the motion is granted in the modified amount of $10,153.25.

## I. Background

On June 19, 2018, Plaintiff filed a complaint on behalf of himself as a person with a disability and as a private attorney general under California law to enforce the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and California Civil Code section 52 (the "Unruh Act"). [Doc. No. 1.] The complaint also brought additional claims for violation for section 54 of the Unruh Act, violation of California Health and Safety

Code section 19955, negligence, negligence per se, declaratory relief and injunctive relief. [*Id.* at 9-13.[1]]

Plaintiff alleges that on May 26, 2018 he attempted to patronize the marijuana dispensary and retail store, Discount Budz, owned and operated by Defendants, but encountered difficulties because there was no designated accessible parking spaces and no ramp for wheelchair or mobility scooter access. [*Id.* at ¶ 12-15.] With some difficulty, Plaintiff was able to use the stairs to access the facility and, while using the non-compliant wooden handrail at the stairs, Plaintiff injured his hand by getting a wooden splinter from the handrail. [*Id.* at ¶ 13-15.]

The docket reflects that Defendants were served with a copy of the summons and complaint on July 28, 2018. [Doc. Nos. 4, 5.] Despite being properly served, Defendants failed to timely file an answer. On September 12, 2018 Plaintiff requested entry of default against Defendants [Doc. Nos. 6, 7], which the Clerk entered on September 13, 2018 [Doc. Nos. 8, 9].

On October, 15, 2018, Plaintiff moved for default judgment against Defendants [Doc. No. 10.] Plaintiff seeks injunctive relief, actual damages and attorney's fees and costs under the ADA and section 52 Unruh Act claim. [*Id.* at 2.] Plaintiff is not seeking default judgment on his other claims. [*Id*.]

**II.    Legal Standards for Default Judgment**

In light of Defendants failure to respond to the complaint, all of the allegations contained within it, aside from the amount of damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). "However, necessary facts not

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992).

It is within the Court's discretion to enter default judgment following entry of default by the clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified seven factors for district courts to consider before entering default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

### III. Application of Default Judgment Factors Under *Eitel*

In this action, all factors weigh in favor of entering default judgment against Defendants.

#### A. Possibility of Prejudice to Plaintiff

If denial of default judgment will likely leave plaintiff without recourse for recovery, such potential prejudice to plaintiff favors granting default. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Here, Plaintiff contends that the architectural barriers resulting from Defendants' failure to comply with the Acts constitute discrimination and denial of equal access. Defendants have not appeared and have refused to remedy the barriers to access. Plaintiff has no other means to obtain relief and will likely suffer prejudice without the grant of default judgment.

#### B. Merits Substantive Claim/Sufficiency of the Complaint

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." *Geddes*, 559 F.2d at 560. The court must examine the complaint to determine whether plaintiff adequately pled a claim for relief. *Danny v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). An adequately pled complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*1. The ADA Claim*

In order to establish a discrimination claim under Title III of the ADA, plaintiff must show that: (1) he is a qualified individual with a disability; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation[2]; and (3) the plaintiff was denied public accommodations by the defendant because of her disability. 42 U.S.C §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007). Further, in order to succeed on an ADA claim of discrimination "on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable."[3] *Parr v. L& L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); *see also Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1008 (E.D. Cal. Jan. 17, 2014). Taking the allegations of the complaint as true, Plaintiff has shown the elements have been met.

Here, Plaintiff alleges he has a mobility impairment, is a below knee amputee who uses a wheelchair, and is a qualified individual with a disability as provided by the Acts. [Doc. No. 1 at ¶¶ 8, 11; Doc. No. 10-1 at ¶ 2.] It is also alleged that Defendant Shoshani is the owner, lessor or lessee of the property located at 852 Grand Avenue, Spring Valley, California, 91977. [Doc. No. 1 at ¶ 4.] Further, it is alleged that at this location Defendants operate a marijuana dispensary and retail store where retail goods and marijuana products are offered for sale to the public. [*Id*.] Thus, Plaintiff has demonstrated that he is disabled

---

[2] The types of private entities that are considered "public accommodations" include hotels, restaurants, theaters, places of exhibition or entertainment, auditoriums, places of public gathering, stores, professional offices, terminals, places of recreation, schools, care centers and places of exercise and recreation. 42 U.S.C. § 12181(7).

[3] Under the ADA, the term readily achievable means easily accomplishable and able to be carried out without much difficulty or expense." *Id*. at § 12181(9).

within the meaning of the ADA and that Discount Budz is a private entity that falls within the definition of a public accommodation.

Plaintiff has also established that he encountered architectural barriers that worked to discriminate against him on account of his physical disability. Spikes states in his declaration that he visited Discount Budz on May 26, 2018. [Doc. No. 10-1 at ¶ 3.] He attests that during his visit, he encountered two barriers at Discount Budz, a lack of parking spaces designated van accessible with an access aisle and no ramp to the store entrance. [*Id.* at 2.] Spikes asserts that these barriers continue to exist and he "cannot return to or make use of the facilities, goods and/or services offered by Defendants to the general public." [Doc. No. 1 at ¶ 21.] Plaintiff contends that these barriers violate the ADA. Accepting Spikes allegations as true, Plaintiff has adequately shown that the barriers he encountered are prohibited by the ADA and that the barriers denied him full and equal access to Discount Budz because of his disability.

As to whether removal of the barrier is readily achievable, Plaintiff has provided very little information. Some factors to be considered in determining if an action is readily achievable are the nature and the cost of the action need, the overall financial resources of the facility or facilities involved in the action; the number of persons employed at the facility; the effect on expenses and resources or the impact upon the operation of the facility. 42 U.S.C. § 12818(9)(a-b). Plaintiff's counsel has submitted a declaration wherein he opines that installation of a van-accessible parking space and path of travel to the facility is readily achievable. [Doc. No. 10-2 at 4.]

Notwithstanding the lack of information, 28 C.F.R. §36.304 provides a list of architectural barriers public accommodations should remove where such removal is readily achievable. Public accommodations are urged to comply with barrier removal requirements in accordance with an order of priorities, with providing access from public sidewalks, parking, or public transportation listed as the first priority. 28 C.F.R. §36.304(c)(1) The measures public accommodations should take include "installing an entrance ramp, widening entrances, and providing accessible parking spaces." *Id.*

Therefore, "the creation of a handicap accessible parking space [and an entrance ramp] is per se readily achievable. *Johnson v. San*, No. 2:15-cv-162-JAM-EFB, 2015 WL 7188245, at *3 (E.D. Cal. Nov. 16, 2015). *See also Longer v. Deguzman,* Case No. 2:15-cv-09493-SVW-JEM, 2016 WL 4500783, at* 4 (C.D. Cal. July 28, 2016) ("Under the ADAAG, creating designated accessible parking has been cited as an example of a method of barrier removal that is readily achievable.").

   *2. Unruh Civil Rights Act*

   Unruh provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

CAL. CIV. CODE § 51(b).

To prevail on his disability discrimination claim under the Unruh Act, a plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for his denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. *Johnson,* 2015 WL 7188245, at *5 (quoting Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision)). In addition, the Ninth Circuit has held that violating the ADA is a per se violation of the Unruh Act. *Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 847 (9th Cir. 2004). *See* CAL. CIV. CODE § 51(f) (providing that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 ... shall also constitute a violation of this section"). Since Plaintiff has adequately stated an ADA violation, it follows that he also established an Unruh Act violation because the alleged discrimination suffered by Spike occurred within California.

In light of the above, the Court concludes that the allegations in the complaint sufficiently allege that Defendants violated the ADA and Unruh. Accordingly, the Court concludes that Plaintiff has adequately pled claims for relief and finds this favor weighs in favor of entering default judgment against Defendants.

### C. The Sum of Money at Stake

Courts "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1176 (C.D. Cal. 2002). Here, Plaintiff is seeking $10,000, and reasonable attorneys' fees and costs totaling $6,475.75. As discussed in more detail below, Plaintiff has limited the remedies he seeks and the sum of money at stake is not large. Accordingly, this factor weighs in favor of entry of default judgment.

### D. The possibility of a dispute concerning material facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Televideo v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); *Geddes*, 559 F.2d at 560. Since Plaintiff has supported his factual allegations with ample evidence, and "defendant[s] ha[ve] made no attempt to challenge the accuracy of the allegations in the complaint," no factual dispute precludes entry of default judgment. *Landstar,* 725 F. Supp. 2d at 921-22. Therefore, this factor weighs in favor of entry of default.

### E. Whether the default was due to excusable neglect

Defendants were properly served with the summons and complaint. [Doc. Nos. 4, 5.] Therefore, the default is not due to excusable neglect. *See e.g.,, Craigslist, Inc. v. Kerbel,* No. 11-3309, 2012 WL 3166798 (N.D. Cal. Aug 2, 2012) (defendant's default was unlikely due to excusable neglect considering fact that "Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still received no response"). Accordingly, this factor favors default judgment.

### F. The Strong Policy Underlying the Federal Rules of Civil Procedure

"Defendant[s'] failure to answer Plaintiff['s] complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 177. Here, Defendants have failed to file or answer or otherwise respond to the complaint, but this does not preclude the Court from entering default judgment against them. *Id.*

In light of the above, the Court **GRANTS** Plaintiff's motion for default judgment.

### IV. Award to Plaintiff

Plaintiff asks for actual damages under the Unruh Act, injunctive relief under the ADA and an award of attorneys' fees and costs.

#### A. Damages

The Unruh Act provides that a defendant is "liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000)." CAL. CIV. CODE § 52(a). To recovery the statutory damages under the Act, Spikes must show that Defendants denied him "full and equal access" to the Discount Budz store. CAL. CIV. CODE § 55.56(a); *Vogel,* 992 F. Supp. 2d at 1014.

Here, Plaintiff seeks actual damages of $2,500 for the pain caused by the splinter in his hand by having to use the wooden handrail on the stair. In addition, Plaintiff seeks statutory treble damages under the Act, for a total damage award of $10,000. Alternatively, Plaintiff contends that he is "entitled to no less than the statutory minimum amount of $4,000 in damages." [Doc. No. 10 at 10.]

Plaintiff has shown that he personally encountered the barriers when he visited Discount Budz on May 28, 2018. While the Court finds an award of $2,500 in actual damage is appropriate, nothing in the papers suggests awarding treble damages in this case is warranted. *See Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*, Case No. 15-cv-2288-BAS-WVG, 2018 WL 3222610, at * 21 (S.D. Cal. June 19, 2018) (granting damages at default judgment stage is within wide latitude of district court's discretion).

Accordingly, the Court awards Plaintiff damages in the amount of $4,000 for violation of the Unruh Act. *See* CAL. CIV. CODE § 52(a) (which provides that a defendant who violates Unruh is liable for actual damages "in no case less than four thousand dollars").

### B. Injunctive Relief

Plaintiff seeks injunctive relief requiring Defendants install a van accessible parking space and access aisle and an accessible path of travel from the parking and public sidewalk to and through the entrance to the facility in full compliance with the 2010 Standard for Accessible Design, Appendix "A" to Code of Federal Regulations, Chapter 28, Part 36.

Under Title III of the ADA, individuals may only receive injunctive relief. *Wander v. Kause,* 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available.). To be entitled to injunctive relief under 42 U.S.C. § 12188(a)(2), Spike must show that Defendants have violated the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). If he does, the "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required be this subchapter." 42 U.S.C. § 12188(a)(2). "Thus, injunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel*, 992 F. Supp. 2d at 1015 (collecting cases).

As described above, Spike has stated a Title III discrimination claim and described two architectural barriers he encountered at Discount Budz which violate the ADAAG, the removal of which is readily achievable. Injunctive relief compelling Defendants to remove the barriers at the 852 Grand Avenue address so that the facility is readily accessible to and usable by individuals with disabilities is therefore appropriate. Defendants must install a fully compliant ramp from the parking and public sidewalk to the entrance of the facility and create a van-accessible parking space with access aisle that is appropriately labeled in accordance with the ADA and the ADAAG.

### C. Attorney's Fees and Costs

Plaintiff seeks an attorney's fee award of $5,805.00 covering 12.9 hours of work and costs totaling $650.75 in this action. Pursuant to the 42 U.S.C § 12205 and California Civil Code section 52(a) a plaintiff who prevails on claims brought under the ADA or Unruh Act may recover attorney's fees and costs as determined by the court. The fee award is calculated using the lodestar method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149, n.4 (9th Cir. 2001).

Performing the lodestar calculation simply requires the court to multiple the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a strong presumption that the resulting lodestar figure is representative of a reasonable fee, and therefore it should only be enhanced or reduced in rare and exceptional circumstances. *Fischer v. SJB-P.D, Inc.,* 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

*1. Hourly Rate*

Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1214 (9th Cir. 1986).

With his request for entry of default, Plaintiff has submitted a declaration from his attorney, Thomas J. Vandeveld, that provides a description of the 12.9 hours of time he spent on this matter and his legal experience to justify his $450 hourly rate. [Doc. No. 10-2 at 1-4.] A billing summary for attorney's fees and costs and invoices for the attempted service of process were also submitted. [*Id.* at 5-15.] Plaintiff's counsel has included citations to two southern district cases, one California state court case and one Ninth Circuit where his requested similar hourly rates have been found to be reasonable. [*Id.* at 3.] *See, e.g., Spikes v. Graves,* Case No. 18-cv-412-GPC-KSC (approving hourly rate of $425); *Antonietti v. Chipotle Mexican Grill,* 49 F. Supp.3d 710, at 718 (S. D. Cal. Sept. 29. 2014)

(awarding fees at hourly rate of $420) affirmed on appeal *Goldkorn v. Chipotle Mexican Grill, Inc.,* 669 Fed. Appx. 920 (9th Cir. 2016).

After reviewing the evidence offered and awards in similar cases,[4] the Court concludes that a $425 hourly rate is reasonable. *See United Steelworkers,* 896 F.32d at 407 (rate determinations in other cases setting a rate for plaintiffs' attorney provide satisfactory evidence).

### 2. Hours claimed

The 12.9 hours of work expended by Mr. Vandeveld appear to be reasonable. Mr. Vandeveld declares that his work on this litigation included "research, drafting the complaint, investigating, communications with the client and outside counsel, visiting the site, and other work prior to and after Defendant's [sic] default." [Doc. No. 10-2 at ¶ 3.] The billing records reflect that Mr. Vandeveld spent less than an hour drafting the complaint, just under 2 hours communicating with his client, approximately 3.5 hours preparing the request for entry of default and subsequent motion for default judgment, a little over 3 hours researching the parcel map, property records and addresses of defendants, and the remaining time figuring out how to effectuate service on Defendants. [*Id.* at 7-9.]

Accordingly, the Court finds that the attorney's fee award in this case shall be for all of requested hours, at a rate of $425 an hour, for a sum of $5,482.50. The request for costs which includes the filing of the complaint ($400) and service costs ($270.75), totaling $670.75 is also granted.

## V. Disposition

Consistent with the foregoing discussion, Plaintiff's motion for default judgment is **GRANTED**. The Court **AWARDS** Plaintiff $4,000 in statutory damages and $6,153.25 in attorney's fees and costs. Defendants are **ORDERED** to install and maintain a van-

---

[4] *See, e.g., Schutza v. City of San Diego*, No. 3:13-cv-2992-CAB-(KSC), 2017 2l 3149509, at *4-*5 (S.D. Cal. July 24, 2017) (approving hourly rates of $425 as reasonable in ADA and Unruh Act litigation).

accessible parking space, access aisle, signage and ramp to the store front in compliance with the 2010 ADAAG Standards.  It is further **ORDERED** that the Clerk of the Court shall enter **JUDGMENT** in favor of Plaintiff and against Defendants, jointly and severally.

It is **SO ORDERED**.

Dated:  November 30, 2018

Hon. Cathy Ann Bencivengo
United States District Judge